On the Merits.
An injunction was obtained by the plaintiff to restrain the collection of an alleged illegal tax. The police jury of Cameron parish had levied parish taxes on the assessment rolls for 1876 to an aggregate amount of eighteen mills on the dollar. The plaintiff alleges that this levy, which is in excess of the rate permitted by law, was not sanctioned by a vote *1086 •of a majority of the tax payers, and is therefore illegal. He tendered the sum he actually owed, on a levy of four mills on the dollar, in legal tender currency, and injoined the threatened sale of his property for the purpose of collecting the excess of the amount he legally owed.
The defendant excepted to the action, and moved to dissolve the injunction on these grounds ;
1. That the court had no authority to.grant the injunction.
The writ was issued by the same Justice’s court, in which the tax collector had proceeded for the enforcement of the tax, and was the proper tribunal to hear and try the injunction. Justices of the Peace are authorized by express law to issue injunctions in causes within their jurisdiction, and special authority is conferred upon them to take jurisdiction of all claims for taxes when their amount does not exceed one "hundred dollars exclusive of interest. Code of Practice, arts. 1063, 1064, 1096, 1126, 1152.
2. That the tax collector had given bond for ten thousand dollars, and as this action is against him in his official capacity, his bond is necessarily attacked, and its amount puts this case beyond the jurisdiction of the Justice’s court.
Although we find this ground repeated in the" defendant’s brief, we doubt if he was serious in urging it. It is wholly untenable.
3. There is no allegation in the plaintiff’s petition of any specific indebtedness by way of damages upon which the court could predicate jurisdiction.
Nor need there be. Jurisdiction is given to that court, and to this, by the allegation and the fact that the defendant was about to enforce the collection of an illegal tax by the forced alienation of the plaintiff’s property.
4. The defendant derived his authority to collect taxes from the police j ury, and that body is a necessary party to any suit to restrain their collection.
That is a mistake. The defendant derives his authority from the legislature, which has made the collector of the State taxes also the collector of the parish taxes. Rev. Stats, sec. 2792.
But if it were otherwise, and he derived his authority direct from the police jury, that body would not be a necessary party to this, or any similar suit.
The resolutions or ordinances of the police jury are illegal and null, so far as they authorize, or attempt to impose, a parish tax greater than four mills on the dollar for general parochial purposes. There are special laws authorizing other special taxes for special purposes. Lafitte v. Morgans, 29 Annual, 1.
The act of 1877, authorizing police juries to levy a tax of ten mills *1087 •on the dollar, and an additional tax under certain specified circumstances, was not passed until April 20th of that year. The ordinances •of the Oameron police j ury, under which the defendant was proceeding, -were all adopted prior to that date, and consequently before that body .had legal authority to impose a tax of that date.
The lower court sustained the exception, and dissolved the injunc"tion. This is error. .Therefore
It is ordered, adjudged, and decreed that the judgment of the •Justice of the'Peace herein is avoided and reversed, and it is further decreed that the injunction be reinstated, and that the lower court pro•ceed to the hearing of the same. It is also adjudged and decreed that .the plaintiff recover of the defendant the costs of appeal.